UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
CARLIN SOTO

              Plaintiff,

   -against-

ANDREW SAUL, Commissioner of the
Social Security Administration,

              Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-4064-FB

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER JAMES BOWES
Law Office of Christopher James
Bowes
54 Cobblestone Dr.
Shoreham, NY 11786

*For the Defendant*:
JACQUELINE M. KASULIS
Acting United States Attorney
Eastern District of New York
By: SHANA C. PRIORE
Assistant United States Attorney
271-a Cadman Plaza East, Ste. 7117
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

     Carlin Soto seeks review of the Commissioner of Social Security's denial of

his application for disability benefits. Both parties move for judgment on the

pleadings.[1] For the following reasons, Soto's motion is granted, the

Commissioner's denied, and this case remanded for further proceedings.

---

[1] Montante moves for relief under 42 U.S.C. § 405(g), which authorizes the Court
to enter "a judgment affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the cause for a
rehearing."

**I.**

Soto applied for disability benefits on May 25, 2016, claiming a disability onset date of July 1, 2015. The Commissioner denied Soto's application on July 7, 2016, and Soto requested a hearing. Almost two years later, Administrative Law Judge John Allen ("the ALJ") held a hearing on Soto's claim.

After the hearing, the ALJ determined that Soto suffered from several "severe impairments," including: "loss of vision, right eye status post enucleation; cervical degenerative disc disease; degenerative joint disease of the left shoulder; [and] diabetes mellitus with neuropathy." A.R. 26. The ALJ further determined that these impairments prevented Soto from performing his past work as a sanitation worker, but that, subject to a handful of limitations,[2] Soto retained the "residual functional capacity" (RFC) to perform light work. He concluded that Soto could work as a merchandise marker or mail clerk and was thus not disabled.

The Appeals Council declined review, and this appeal followed.

**II.**

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial

---

[2] Specifically, the ALJ found that Soto cannot "climb ladders, ropes or scaffolds," "perform work requiring binocular vision," or "work at unprotected heights or around hazardous machinery." A.R. 28. By contrast, the ALJ concluded that Soto can "reach overhead, forward and laterally with his non-dominant, left upper extremity," "climb ramps or stairs, balance, stoop, crouch or crawl" but noted that he should do so no more than "occasionally." *Id.*

evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

The ALJ's assessment of Soto's RFC rests principally on (1) his own evaluation of the medical evidence and of Soto's testimony, and (2) the opinion of "consultative examiner, Dr. Yelena Globina." *See* A.R. 28-30. Because Dr. Globina's opinion does not constitute "substantial evidence" of non-disability, and the ALJ "cannot arbitrarily substitute his own judgment for competent medical opinion" when denying a claim, this case must be remanded for a new RFC assessment. *Cf. Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)).

The "Second Circuit has made it clear that the opinions of. . .medical consultants," such as Dr. Globina, "may constitute substantial evidence to support an ALJ's RFC determination. . . [if they are] supported by substantial evidence in the record." *Monroe v. Comm'r of Soc. Sec.*, No. 5:15-CV-1235 (GTS/WBC), 2016 WL 7971330, at *8 (N.D.N.Y. Dec. 29, 2016) (citing *Diaz v. Shalala*, 59

F.3d 307, 313 n.5 (2d Cir. 1995)), *report and recommendation adopted by* 2017

WL 318838 (N.D.N.Y. Jan. 23, 2017). However, a consultative examiner's opinion

may not constitute such evidence if the examiner relied on an incomplete medical

record. *See, e.g.*, *Burgess v. Astrue*, 537 F.3d 117, 130-31 (2d Cir. 2008) (the

consultative examiner's "own opinion was flawed by the fact that [the consultative

examiner] did not examine a key piece of evidence in the record"); *Ingrassia v.*

*Colvin*, 239 F. Supp. 3d 605, 625 (E.D.N.Y. 2017) ("[It] was error for the ALJ to

rely on Dr. Dutta's medical opinion because Dr. Dutta did not consider key

medical evidence"); *Gorman v. Comm'r of Soc. Sec.*, No. 2:18-CV-100(FB), 2020

WL 6047345, at **2-3 (E.D.N.Y. Oct. 13, 2020) (ALJ erred by giving "significant

weight" to "medical advisor's" opinion that was "based on an incomplete record").

The Commissioner concedes that Dr. Globina did not consider Magnetic

Resonance Imaging (MRI) scans conducted on Soto's "left shoulder, cervical spine

and thoracic spine." *Compare* ECF No. 13 at 17 (citing A.R. 217-18, 239-41, 244-

45) *with* ECF No. 10-12. Accordingly, her opinion was not based on a complete

record and cannot constitute substantial evidence. *Burgess*, 537 F.3d at 130-31.[3]

_____

[3] The Commissioner responds that no error occurred because "there is no clear
regulatory requirement that a consultative examiner must be provided a
[p]laintiff's medical records." ECF No. 13 at 17. This argument misses the point.
Even if the Commissioner is not required to turn over specific records, she must
furnish her examiners with "necessary background information" about a claimant's
condition. 20 C.F.R. § 404.1517. In this case, that "background information"
should have included the MRI results, which are a "key piece of evidence in the

In the alternative, remand is appropriate because the ALJ did not explain his decision to give "great weight" to Dr. Globina's opinion. Like the ALJ in *Monroe*, the ALJ in this case provided "conclusory" reasons for his choice and "failed to indicate which evidence in the record supported [Dr. Globina's] opinion besides her own examination." 2016 WL 7971330, at *8. *See also* A.R. 30 (stating, in ALJ opinion, "that I give great weight to the opinion of the consultative examiner, Yelena Globina" without providing any reasons or analysis). Such "terse" analysis "prevent[s] meaningful review" and mandates remand. *Id.* at **8-9.

## CONCLUSION

Soto's motion for judgment on the pleadings is **GRANTED** and the Commissioner's **DENIED**. This case is **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED.**

  /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 7, 2021

---

record." *Cf. Burgess*, 537 F.3d at 131. *See also* ECF No. 17 at 12 (arguing that MRI evidence shows the "nature and extent" of Soto's injuries).