UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
CARLIN SOTO,

               Plaintiff,

   -against-

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

               Defendant.

-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-CV-4064-FB

*Appearances:*
*For the Plaintiff:*
CHRISTOPHER JAMES BOWES
54 Cobblestone Drive
Shoreham, New York 11786

*For the Defendant:*
CHRISTOPHER HURD
Special Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Following a remand from this Court, Carlin Soto received $77,471.00 in past-due disability benefits.  His counsel, Christopher James Bowes, now seeks approval of an award of $13,839.58 in attorney's fees.

42 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled."  Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney

overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The proposed fee award here is below the 25% cap because Bowes has excluded $5,528.17 in fees that he might have recovered under the Equal Access to Justice Act ("EAJA"). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that fees may be awarded under both § 406(b) and EAJA, but that attorney must refund smaller award to client). Although there is no guarantee that he would have prevailed under the EAJA, he has graciously not pressed the issue. There is, moreover, no suspicion of fraud or overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v, Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Accordingly, the Court approves Bowes's requested award. The Commissioner is directed to disburse $13,839.58 of Soto's past-due benefits to

Bowes and the balance to Soto.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 24, 2023